IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MALETSKY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | FILED ELECTRONICALLY |
| v. | : | ON APRIL 2, 2021 |
| | : | |
| JACK'S GLASS INC., | : | ARBITRATION-ELIGIBLE |
| Defendant. | : | |
| | : | JURY TRIAL DEMANDED |

## COMPLAINT

Robert Maletsky ("Plaintiff") brings this lawsuit against Jack's Glass Inc. ("Defendant"), alleging that his employment was terminated in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff resides in Allentown, PA (Lehigh County).

4. Defendant is a corporate entity headquartered in Allentown, PA (Lehigh County).

5. Plaintiff is an employee covered by the FLSA.

6. Defendant is an employer covered by the FLSA.

## FACTS

7. Defendant is in the business of selling and installing residential, commercial, and automotive glass products. *See generally* https://www.jacksglass.com/ (last visited 4/2/21).

8. Plaintiff worked for Defendant as an hourly technician from around May 2019 until October 20, 2020.

9.  Plaintiff's job performance was excellent throughout his employment. He was never disciplined for any reason and, in Spring 2020, he received an exemplary performance review.

10. In around June 2020, Plaintiff complained to Defendant's management that Defendant failed to pay proper overtime compensation during a week in which he worked over 40 hours. In response, Donna Braden (Defendant's President) cursed out Plaintiff in front of his coworkers and literally threw $7.02 (the amount Plaintiff purportedly was owed) at Plaintiff.

11. On October 19, 2020, Plaintiff questioned the legality of several of Defendant's pay practices, including its illegal practice of paying certain employees for overtime work by awarding them non-monetary compensatory time instead of the monetary "time and one-half" pay. Plaintiff even sent to several of Defendant's managers (via text message) a website screenshot that stated: "Compensatory time off in place of payment for overtime is not legal."

12. One day later, on October 20, 2020, Ms. Braden terminated Plaintiff's employment, telling him that his complaints about Defendant's employment practices were creating a "hostile work environment."

13. Defendant's termination of Plaintiff's employment was motivated by Plaintiff's complaints about Defendant's overtime pay practices.

## COUNT I

14. The FLSA makes it illegal for an employer to discriminate against an employee for "any complaint" about employer conduct that allegedly violates the FLSA. *See* 29 U.S.C. § 215(a)(3). This provision applies to employees' intra-company complaints to management. *See, e.g.*, *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011).

15. Plaintiff's complaints about Defendant's pay practices fall within the FLSA

subject matter. *See*, *e.g.*, 29 U.S.C. § 207(o) (limiting use of compensatory time to governmental employers).

16. Defendant violated the FLSA by terminating Plaintiff's employment in retaliation for his complaints regarding Defendant's pay practices.

17. Defendant's violation of the FLSA was willful and undertaken with reckless disregard for clearly established FLSA provisions.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Plaintiff seeks the following relief:

A. All available compensatory damages, including lost past and future earnings/benefits and pain and suffering damages related to the termination of Plaintiff's employment;

B. Prejudgment interest;

C. Liquidated and punitive damages;

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as the Court deems just and proper.

Date: April 2, 2021

Respectfully,

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

3