UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MALETSKY, : | |
|       Plaintiff, : | |
| : | |
| v. : | No. 5:21-cv-01581 |
| : | |
| JACK'S GLASS INC., : | |
|       Defendant. : | |

**O R D E R**

**AND NOW,** this 27th day of August, 2021, upon consideration of the email received today from Plaintiff's counsel advising that the parties have reached a settlement and jointly request a telephone conference to address the settlement agreement, *see* 29 U.S.C. § 216,[1] **IT IS HEREBY ORDERED THAT**:

    1.    The request for a telephone conference is granted. A separate notice will be issued scheduling a telephone conference to discuss approval of the settlement.

    2.    At the conference, counsel shall be prepared to explain how the settlement satisfies the three-part analysis a court applies in determining whether to approve a settlement for FLSA claims.[2] If the settlement includes an award of attorney's fees, counsel shall be prepared

---

[1] Claims under the Fair Labor Standards Act ("FLSA") can be settled in two ways: (1) with the Secretary of Labor supervising the payment of unpaid minimum wages or unpaid overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) with the district court's approval of a settlement under 29 U.S.C. § 216(b).

[2] "The Third Circuit has not articulated a standard for analyzing FLSA settlements, but District courts routinely look to the *Lynn's Food Stores* standard when a party seeks judicial approval of an FLSA settlement." *Hunter v. M-B Cos.*, No. 19-cv-04838, 2020 U.S. Dist. LEXIS 127037, at *4 (E.D. Pa. July 20, 2020) (citing *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). Under this standard, a district court must determine that: (1) the settlement resolves a bona fide dispute over FLSA provisions; (2) the settlement is fair and reasonable to the Plaintiff-employee; and (3) the settlement does not frustrate implementation of the FLSA in the workplace. *See id.*; *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-cv-1771, 2015 U.S. Dist. LEXIS 135615, at *2-4 (D.N.J. Oct. 5, 2015).

to discuss their chosen method of calculation.  Further, counsel should be prepared to support their position with caselaw, as needed.

                      BY THE COURT:

                      */s/ Joseph F. Leeson, Jr.*
                      JOSEPH F. LEESON, JR.
                      United States District Judge